**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

WILLIAM J. COX, et al.,        :

   Plaintiffs,                :

vs.                            :        CA 08-0315-KD-C

TRIAD ISOTOPES, INC., etc.,    :

   Defendant.

**ORDER**

This cause is before the Court on the defendant's motion to stay and motion for leave to conduct jurisdictional discovery. (Doc. 8) Recently, the Eleventh Circuit determined that "[p]ost-removal discovery for the purpose of establishing jurisdiction in diversity cases cannot be squared with the delicate balance struck by Federal Rules of Civil Procedure 8(a) and 11 and the policy and assumptions that flow from and underlie them." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1215 (2007), *cert. denied sub nom. Hanna Steel Corp. v. Lowery,* 2008 WL 872061 (2008). The court specifically noted in *Lowery* that district courts "should not reserve ruling on a motion to remand in order to allow the defendant to discover the potential factual basis of jurisdiction[]" because such fishing expeditions would clog the federal judicial machinery,

thereby "frustrating the limited nature of federal jurisdiction by encouraging defendants to remove, at best, prematurely, and at worst, in cases in which they will never be able to establish jurisdiction." *Id*. at 1217.  Instead, "in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff-be it the initial complaint or a later received paper- and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Id*. at 1213.

The analysis of the *Lowery* court is particularly appropriate in this case inasmuch as the defendant specifically recognized in its notice of removal that the citizenship of the parties was at issue and took great pains to set forth in that document specific factual allegations which it thought sufficient to establish that William Cox is a citizen of Alabama for purposes of diversity jurisdiction. (*See* Doc. 1) To now allow Triad to conduct discovery regarding Cox' domicile would "impermissibly lighten[] the defendant's burden of establishing jurisdiction." *Lowery, supra*, at 1218. Because this Court should not participate in such a "one-sided subversion of the rules[,]" *id*., the defendant's motion to stay and motion for leave to conduct jurisdictional

discovery (Doc. 8) is **DENIED**.

**DONE** and **ORDERED** this the 25th day of June, 2008.

<u>s/WILLIAM E. CASSADY</u>
**UNITED STATES MAGISTRATE JUDGE**